IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY E. PRICE | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 17-1922 |
| v. | : | |
| | : | |
| COMMONWEALTH CHARTER | : | |
| ACADEMY– CYBER | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                       MAY 17, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

On April 25, 2017, Plaintiff Mary E. Price ("Plaintiff"), the parent of minor child T.R., and the aunt and legal guardian of minor child J.H., commenced this action, in her own right and on behalf of T.R. and J.H., against Defendants Commonwealth Charter Academy – Cyber ("Defendant CCA" or "CCA"), Bureau of Special Education ("Defendant BSE"), and Ruth Furman ("Defendant Furman") (collectively, "Defendants"). [ECF 1]. In her initial complaint (the "Initial Complaint"), Plaintiff asserted claims under the Individuals with Disabilities Education Act (the "IDEA"),[1] 20 U.S.C. §§ 1400 *et seq.*; Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "§ 504"), 29 U.S.C. § 794; and 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), all premised on Defendants' alleged failure to comply with, implement, and/or enforce the administrative due process decisions that addressed the special education services

---

[1] The IDEA was amended and renamed the Individuals with Disabilities Education Improvement Act (the "Act"), effective July 1, 2005. *See* Pub. L. No. 108-446, 118 Stat. 2715 (2005). Notwithstanding this change in the name of the statute, courts and litigants, including the parties in this action, continue to refer to this statute as the IDEA. *See, e.g., H.E. v. Walter D. Palmer Leadership Learning Partners Charter School*, 873 F.3d 406, 408 (3d Cir. 2017). For purposes of clarity and consistency, this Court will refer to the Act as the IDEA in this Memorandum Opinion.

ordered for J.H. and T.R. On July 21, 2017, Plaintiff filed an amended complaint ("the Amended Complaint"), in which she presented the same claims against Defendants that had been asserted in the Initial Complaint, but only on her own behalf. [ECF 17].

Pending before this Court is a *motion to dismiss* filed by Defendant CCA pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), which seeks the dismissal of the claims asserted against it in the Amended Complaint. [ECF 21].[2] Defendant CCA also seeks an award of attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(III). Plaintiff has opposed Defendant CCA's motion to dismiss. [ECF 26]. For the reasons stated herein, Defendant CCA's motion to dismiss is granted, and its request for an award of attorneys' fees is denied.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

This Court will recite only those portions of the procedural and factual histories necessary to address the instant motion. Plaintiff, proceeding *pro se*, initiated this civil action on behalf of herself, minor J.H., and minor T.R., by filing an application to proceed *in forma pauperis* ("IFP") and the Initial Complaint. [ECF 1]. By Order dated May 1, 2017, the IFP application was granted and the Clerk of Court was directed to docket the Initial Complaint. [ECF 2]. Defendants were served with the summons and a copy of the complaint by the United States Marshal Service. [ECF 13]. Thereafter, Plaintiff was granted permission to amend the Initial Complaint. [ECF 15].

On July 21, 2017, Plaintiff filed the operative Amended Complaint, in which she asserts the same claims against Defendants that had been presented in the Initial Complaint, but only on her own behalf, and not on behalf of J.H. and T.R. [ECF 17]. In the Amended Complaint,

---

[2] Defendants Furman and BSE jointly filed a separate motion to dismiss, [ECF 20], which was granted by separate Order and Memorandum Opinion dated April 6, 2018. [*See* ECF 27-28].

Plaintiff asserts that Defendant CCA failed to comply with, implement, and/or enforce the administrative due process decisions (the "Decisions") issued on September 17, 2016, by an independent Pennsylvania special education hearing officer who had held evidentiary hearings and addressed the sufficiency of J.H.'s and T.R.'s education under the IDEA. (*See* Am. Compl. at Introduction). Plaintiff also alleges that Defendant CCA's failure to comply with and implement the Decisions constituted "discrimination" under Title II of the ADA and Section 504, and retaliation under 42 U.S.C. § 1983. (*Id.* at ¶ 92).

Defendant CCA filed the underlying motion to dismiss pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), in which it seeks dismissal of all of the claims asserted against it in the Amended Complaint on various grounds, including, *inter alia,* lack of standing and failure to state a claim. When ruling on a motion to dismiss under Rule 12(b)(6), this Court must accept, as true, all relevant and pertinent factual allegations in the Amended Complaint and construe those facts in the light most favorable to Plaintiff. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009). The salient allegations, as found in the Amended Complaint and attached exhibits,[3] are summarized as follows:

> Minors J. H. and T.R. are students enrolled at CCA, a cyber-charter school that serves students in Pennsylvania. (*See* Am. Compl. at ¶¶ 5, 8, 11). Plaintiff is J.H.'s aunt and legal guardian, and T.R.'s mother. (*Id.* at Introduction). J.H. and T.R. have been diagnosed with attention deficit hyperactivity disorder and a number of other learning disorders, and were deemed eligible for special education services under the IDEA for the 2011-2012 and 2012-2013 school years. (*See id.* at ¶¶ 6-11).
>
> In 2016, Plaintiff filed administrative due process complaints against Defendants on behalf of J.H. and T.R. On September 17, 2016, following nine days of evidentiary hearings, the special education hearing officer assigned to the administrative complaints issued the Decisions, (*see id.* at ¶¶ 1, 4), which

---

[3] When ruling on a Rule 12(b)(6) motion, this Court may consider, in addition to the facts alleged on the face of the complaint, any exhibits attached to the complaint, "any matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006) (citation and quotation marks omitted).

essentially ordered Defendant CCA to provide each student with up to 990 hours each of compensatory education each calendar year "for as long as it takes for each student to achieve his [individualized education plan goals]" and allowed Plaintiff to select a third-party provider to deliver the ordered compensatory education services. (*Id.* at ¶¶ 3, 5; *see also* Ex. 2 to Am. Compl. at p. 27; Ex. 3 to Am. Compl. at p. 21). The Decisions also ordered Defendant CCA to pay for the educational services provided by a third party of parent's choice. (Am. Compl. at ¶¶ 3, 5; Ex. 2 at p. 28; Ex. 3 at p. 22). The Decisions did not, however, expressly order Defendant CCA to pay for J.H. or T.R.'s transportation to and from school, meals, or other expenses associated with the third-party educational provider's services. (*See generally* Ex. 2 & 3 to Am. Compl.). Neither Plaintiff nor Defendant CCA appealed the Decisions.

On September 26, 2016, Plaintiff informed Defendant CCA that she had selected the Woodlynde School ("Woodlynde") as the third-party provider. (Am. Compl. at ¶ 18). Woodlynde sent Plaintiff an enrollment packet, which included a contract for Plaintiff to sign, (*id.* at ¶ 19), and a stipulation that Plaintiff would assume full responsibility for the payment of T.R. and J.H.'s tuitions and any related fees. (*Id.* at ¶ 27). Defendant CCA informed Plaintiff that, consistent with the Decisions, it would pay for T.R. and J.H.'s tuitions but would not reimburse Plaintiff for the costs of their uniforms, lunches, and transportation to and from school. (*Id.* at ¶ 29). Plaintiff refused to sign the enrollment contract, and J.H. and T.R. were not enrolled at Woodlynde. (*See id.* at ¶¶ 18-22, 24).

On October 27, 2016, Plaintiff informed Defendant CCA that she had selected Lindamood-Bell Learning Processes ("LBLP") as the alternative third-party provider for J.H. and T.R. (*Id.* at ¶ 32). On November 22, 2016, Defendant CCA and LBLP entered into an agreement that LBLP would provide educational services to J.H. and T.R. from November 7, 2016, through February 28, 2017. (*Id.* at ¶ 35). According to Plaintiff, Defendant CCA refused to provide for the daily transportation and lunch costs for J.H. and T.R., and excluded Plaintiff from the contract negotiations with LBLP. (*Id.* at ¶¶ 33, 34).

On January 11, 2017, and January 19, 2017, Plaintiff filed formal complaints with Defendant BSE on behalf of J.H. and T.R. in which she complained that Defendant CCA had failed to comply with the Decisions. (*Id.* at ¶ 48; *see also* Ex. 9 to Am. Compl.). On January 26, 2017, Defendant BSE informed Plaintiff by letter that it had determined that Defendant CCA had fully complied with and implemented the Decision concerning J.H, and that no further action on its part was required. (*See* Am. Compl. at ¶ 50; *see also* Ex. 10 to Am. Compl.). Plaintiff alleges that BSE never contacted her or informed her of any determination it made with regard to the complaint she filed on T.R.'s behalf. (Am. Compl. at ¶ 74).

**LEGAL STANDARDS**

As noted, the instant motion to dismiss was filed pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). [4] A court may grant a motion to dismiss an action under Rule 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief: it must "show such an entitlement with its facts." *Id.* (citations omitted).

To determine the sufficiency of a complaint, "a court . . . must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675).

---

[4] Based on Plaintiff's IFP status, Defendant CCA also moves to dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). This statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). When reviewing the sufficiency of a complaint under § 1915(e)(2)(B)(ii), courts apply the same standards governing motions to dismiss under Rule 12(b)(6). *See Tourscher v. McCollough,* 184 F.3d 236, 240 (3d Cir. 1999). Because this Court will grant Defendant CCA's motion pursuant to Rule 12(b)(6), this Court need not, and will not, address the adequacy of the Amended Complaint under § 1915(e)(2)(B).

Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While a complaint need not assert detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

A court may determine that a complaint's factual allegations are plausible if the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (citations omitted). Reviewing the plausibility of the complaint is a "context-specific" inquiry and requires a court to "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

Though *pro se* filings "must be held to less stringent standards," such filings must contain "sufficient factual matter[,] accepted as true[,] to state a claim to relief that is plausible on its

face." *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and *Iqbal*, 556 U.S. at 678)).

"In general, when ruling on a motion to dismiss pursuant to 12(b)(6), a court may only consider the contents of the pleadings." *Cooper v. Samsung Elec. Am., Inc.,* 374 F. App'x 250, 253 n.3 (3d Cir. 2010) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 560 (3d Cir. 2002)). However, "[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim . . . ." *Id.* (quoting *Pryor,* 288 F.3d at 560).

**DISCUSSION**

In its motion to dismiss, Defendant CCA presents four arguments; *to wit:* (1) Plaintiff has failed to allege facts sufficient to support a First Amendment retaliation claim under § 1983; (2) Plaintiff lacks standing to assert a claim under either Title II of the ADA or § 504; (3) Plaintiff has not alleged facts sufficient to establish a plausible *prima facie* case of discrimination under either Title II or § 504; and (4) Plaintiff's IDEA claim is barred by the statute of limitations and, alternatively, fails to state a claim upon which relief may be granted. Each of these arguments will be addressed in turn.

*§ 1983 Claim*

Plaintiff purports to assert a claim against Defendant CCA under § 1983 for First Amendment retaliation. (*See* Am. Compl. at Introduction, ¶ 92). Defendant CCA moves to dismiss this claim on the ground that Plaintiff has not pled facts to show that Defendant CCA retaliated against her for exercising constitutionally protected speech.[5] This Court agrees.

---

[5] Plaintiff does not address this argument in her response in opposition to Defendant CCA's motion, [ECF 26], but merely reiterates her version of the events that followed the issuance of the Decisions and her subsequent complaints to Defendant BSE.

To state a claim for First Amendment retaliation under § 1983, a plaintiff must allege facts to show: (1) that she engaged in constitutionally protected conduct under the First Amendment, (2) that she suffered a "retaliatory action sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights," and (3) "a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.,* 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003)); *see also Mann v. Brenner,* 375 F. App'x 232, 236 (3d Cir. 2010). In the Amended Complaint, Plaintiff fails to allege facts sufficient to establish these elements. Instead, Plaintiff makes a bald assertion of retaliation by Defendant CCA, without pleading the specific constitutionally protected activity she engaged in and/or the retaliatory action Defendant CCA took against her. This threadbare, conclusory allegation is insufficient to state a claim for First Amendment retaliation. *See, e.g., Hynoski v. Columbia Cty. Redev. Auth.,* 941 F. Supp. 2d 547, 565 (M.D. Pa. 2013) (dismissing a First Amendment retaliation claim on the basis that the amended complaint was "devoid of any factual allegations" that could form the basis of any such claim); *see also Georges v. Ricci,* 2010 WL 606145, at *4 (D.N.J. Feb. 18, 2010) (dismissing First Amendment retaliation claim on the basis that plaintiff "failed to provide any details regarding the redress he sought or the retaliatory actions taken by the defendants"). Under these circumstances, Plaintiff's § 1983 claim is dismissed.

### *ADA and § 504 Claims*

Defendant CCA moves to dismiss Plaintiff's ADA and § 504 claims on the basis that Plaintiff lacks standing to assert her own individual claims under these particular statutes which are premised on alleged discrimination directed toward minors T.R. and/or J.H. In response,

8

Plaintiff contends that she has "associational standing" to assert her claims under both the ADA and § 504. Plaintiff is, however, mistaken.

Courts have widely accepted that under the statutory language of both the ADA and § 504, non-disabled individuals have standing to bring claims when they are injured because of their association with a disabled person. *See Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 405-09 (3d Cir. 2005); *Doe v. Cty. of Centre, Pa.*, 242 F.3d 437, 447 (3d Cir. 2001); *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1142 (11th Cir. 2014). Associational standing under these statutes has been extended to parents/guardians of disabled children. *See, e.g.*, *Doe*, 242 F.3d at 446-47; *K.K. v. North Allegheny Sch. Dist.*, 2017 WL 2780582, at *12 (W.D. Pa. June 27, 2017). A parent may assert an associational discrimination claim against a school if the school discriminates against the parent/guardian because of his or her association with a disabled child. *See Doe,* 242 F.3d at 446-47; *K.K.*, 2017 WL 2780582, at *12. Generally, to invoke associational standing, a plaintiff must allege facts to show: (1) a logical and significant association with an individual with disabilities; (2) that a public entity knew of that association; (3) that the public entity discriminated against the plaintiff because of that association; and (4) the plaintiff suffered a direct injury as a result of the discrimination. *K.K.*, 2017 WL 2780582, at *12 (citing *Schneider v. Cnty. of Will, State of Ill.*, 190 F. Supp. 2d 1082, 1091-92 (N.D. Ill. Mar. 14, 2002)). "[T]he threshold for associational standing under both [§ 504] and the ADA is the same: non-disabled persons have standing to seek relief under either statute only if they allege that they were personally excluded, personally denied benefits, or personally discriminated against because of their association with a disabled person." *McCullum*, 768 F.3d at 1143.

Apart from citing to case law providing for associational standing, Plaintiff offers no argument for how she meets any of its requirements. Furthermore, the Amended Complaint includes no factual allegations from which one could reasonably infer that Defendant CCA excluded, denied benefits to, or discriminated *against* Plaintiff (as opposed to T.R. and/or J.H.) *because of* her association with T.R. and/or J.H or because of their disability. As a result, Plaintiff lacks associational standing to assert her own individual claims under either the ADA or § 504. *Cf., R.S. by R.D.S. v. Butler Cty., Pa.*, 700 F. App'x 105, 109-10 (3d Cir. 2017) (affirming dismissal of parents' individual claims under § 504 and the ADA because parents had not alleged facts showing injury personal to parents); *see also McCullum*, 768 F.3d at 1144-1145 (same). Accordingly, these claims are dismissed.

### *IDEA Claims*

Finally, Defendant CCA moves for the dismissal of Plaintiff's IDEA claims based on the alternative grounds that (1) the claims are time barred by the relevant statute of limitations, and (2) even assuming that the claims are timely, Plaintiff fails to aver facts sufficient to state a claim under the IDEA. Plaintiff does not address either argument. As discussed below, because Plaintiff failed to file this action before the expiration of the ninety-day limitation period prescribed by the IDEA, her IDEA claims are time barred as a matter of law, and must be dismissed.

The IDEA requires institutions that receive federal education funding to provide all children with disabilities with a "free appropriate public education" (a "FAPE"). 20 U.S.C. § 1400(d)(1)(A); § 1412(a)(1)(A); *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist.*, 137 S. Ct. 988, 993 (2017); *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012). Under the IDEA, any aggrieved party may "present a complaint . . . with respect to any matter relating to

the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). The party may elect to have the complaint investigated by the state educational agency, *see* 34 C.F.R. § 300.661, or avail itself of an "impartial due process hearing," 20 U.S.C. § 1415(f).

Any party aggrieved by the outcome of the due process hearing "shall have the right to bring a civil action with respect to the complaint presented . . . in a district court of the United States, without regard to the amount in controversy." *Id.* § 1415(i)(2)(A). This action must be initiated within ninety days from the date of the hearing officer's decision. *Id.* § 1415(i)(2)(B). The ninety-day time limitation begins to run on the date the administrative law judge or other hearing officer issues a decision. *See Wall Twp. Bd. of Educ. v. C.M.,* 534 F. Supp. 2d 487, 492 (D.N.J. Jan. 30, 2008). While affirmative defenses, such as the statute of limitations, generally will not form the basis of a dismissal under Rule 12(b)(6), *see In re Tower Air Inc.,* 416 F.3d 229, 242 (3d Cir. 2005), the defense can be raised at this stage if it is clear from the face of the complaint that the applicable statute of limitations has run. *See Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir. 2012) (defendant may raise statute of limitations defense by way of a Rule 12(b)(6) motion if the time bar is apparent on the face of the complaint itself).

Although Plaintiff has not identified her precise theory of relief under the IDEA, the Amended Complaint seeks (1) to enforce Defendant CCA's compliance and implementation of the Decisions and (2) to require Defendant CCA to pay for certain school-related expenses Plaintiff incurred on behalf of J.H. and T.R. The only provision of the IDEA that conceivably creates a right of action for Plaintiff to seek these types of relief is 20 U.S.C. § 1415(i)(2)(A), which provides, in its entirety:

(2) Right to bring civil action
(A) In general

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

*Id.* Although Plaintiff was the prevailing party at the administrative level, she qualifies as an "aggrieved party" for the purposes of § 1415(i)(2)(A) because she is seeking to enforce a favorable administrative decision. *See D.E. v. Central Dauphin Sch. Dist,* 765 F.3d 260, 278 (3d Cir. 2014) (holding that guardians seeking to enforce a favorable decision obtained at the administrative level are "aggrieved" for the purposes of the IDEA and may properly pursue those claims pursuant to § 1415(i)(2)(A)).

However, a careful review of the Amended Complaint reveals that this action was not filed within the ninety-day period following the issuances of the administrative due process decisions underlying the claim. Specifically, in the Amended Complaint, Plaintiff avers that the Decisions were issued on September 17, 2016, and that as early as September 19, 2016, Plaintiff attempted to enforce the Decisions. (*See* Am. Compl. at ¶¶ 1, 17). Plaintiff waited until April 25, 2017, more than seven months after the issuance of the Decisions, to file a civil action on behalf of the minors and herself. Because it is clear from the face of the Amended Complaint that Plaintiff's IDEA claim was filed more than ninety days after the hearing officer issued the Decisions that are the subject of her IDEA claim, any claim she purports to assert under § 1415(i)(2)(A) is time barred and, therefore, dismissed.

### *Defendant CCA's Motion for Attorney's Fees*

In the underlying motion, Defendant CCA also moves for an award of attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(III), arguing that Plaintiff filed this action solely to harass Defendant CCA and to "needlessly increase the cost of litigation by raising issues that

have already been decided." (*See* Def. CCA's Mot. [ECF 21-1] at p. 13). Plaintiff did not respond to Defendant CCA's arguments in support of this request.

The IDEA provides, in pertinent part, that:

> [T]he court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing . . . local educational agency . . . against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i)(III). Here, Plaintiff is proceeding *pro se*, and apparently filed this civil action under a belief, valid or not, that the minors had been deprived of their proper educational services and that the terms of the Decisions were not fully honored. Plaintiff was successful at the administrative due process hearings, and pursued further remedies. Though Plaintiff was unsuccessful here, this Court cannot conclude, on the present record, that Plaintiff filed this action for an improper purpose, or that Plaintiff's pursuit of this litigation was frivolous or without foundation. Accordingly, this Court declines to award attorneys' fees to Defendant CCA.

**CONCLUSION**

For the reasons stated herein, Defendant CCA's motion to dismiss is granted, and its request for an award of attorneys' fees is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.